08-0325-ag
Barry v. Holder

BIA
Schoppert, IJ
A79 069 624

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 1st day of February, two thousand ten.

PRESENT:
>        GUIDO CALABRESI,
>        ROSEMARY S. POOLER,
>        ROBERT A. KATZMANN,
>                     *Circuit Judges.*

_____

BOUBACAR BARRY,
>        *Petitioner,*

>        v.                                          08-0325-ag
>                                                    NAC

ERIC H. HOLDER, JR., ATTORNEY GENERAL,*
>        *Respondent.*

_____

FOR PETITIONER:            Ronald S. Salomon, Brooklyn, New York.

*Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr., is automatically substituted for former Acting Attorney General Peter D. Keisler as respondent in this case.

**FOR RESPONDENT:** Michael F. Hertz, Acting Assistant Attorney General; Linda S. Wernery, Assistant Director; Sarah Maloney, Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED, in part, and DISMISSED, in part.

Petitioner Boubacar Barry, allegedly a native and citizen of Sierra Leone, seeks review of a December 19, 2007 order of the BIA affirming the March 9, 2006 decision of Immigration Judge ("IJ") Douglas B. Schoppert, denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Boubacar Barry*, No. A79 069 624 (B.I.A. Dec. 19, 2007), *aff'g* No. A79 069 624 (Immig. Ct. N.Y. City Mar. 9, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

As an initial matter, because Barry does not challenge the IJ's pretermission of his untimely asylum application, we deem any such challenge to have been waived. *See Yueqing*

*Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005). In any event, we generally lack jurisdiction to review such findings. *See* 8 U.S.C. § 1158(a)(3). Moreover, because Barry failed to meaningfully challenge the IJ's denial of his CAT claim before the BIA, we dismiss his petition for review to the extent that he now challenges the IJ's denial of that relief. *See* 8 U.S.C. § 1252(d)(1); *Karaj v. Gonzales*, 462 F.3d 113, 119 (2d Cir. 2006).

When the BIA issues an opinion that fully adopts the IJ's decision, we review the IJ's decision. *See Mei Chai Ye v. U.S. Dep't of Justice*, 489 F.3d 517, 523 (2d Cir. 2007). However, when the BIA affirms the IJ's decision in some respects but not others, we review the IJ's decision as modified by the BIA's decision, *i.e.* minus the arguments for denying relief that were rejected by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). Here, the BIA agreed with the IJ's finding that country conditions in Sierra Leone had changed such that any presumption of a well-founded fear of future persecution was rebutted. It is unclear, however, whether the BIA agreed with the IJ's finding that Barry failed to demonstrate past persecution based on the death of his parents. Thus, for

3

purposes of our decision, we assume that Barry suffered past persecution. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005).

We review the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 289 (2d Cir. 2007). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g.*, *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

Substantial evidence supports the agency's finding that Barry failed to demonstrate a well-founded fear of future persecution. The IJ did not err in concluding that country conditions in Sierra Leone had changed when "the 11-year civil conflict officially ended in January of 2002, . . . the government, backed by a large U.N. peace-keeping force, had subsequently asserted control over the whole country, and the R.U.F., or Revolutionary United Front, insurgence has completed disarmament and demobilization in 2002." In upholding a similar finding, we have noted that the civil war ending in Sierra Leone, *inter alia*, demonstrated changed country conditions. *See Jalloh v. Gonzales*, 498 F.3d 148,

4

151 n.2 (2d Cir. 2007).  While Barry argues that the IJ's holding in this case was erroneous, we are unpersuaded by his argument.  *See* 8 U.S.C. § 1252(b)(4)(B); *see also Manzur*, 494 F.3d at 289.  Accordingly, we find no error in the agency's denial of Barry's application for withholding of removal.

For the foregoing reasons, the petition for review is DENIED, in part, and DISMISSED, in part.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk